IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-26,290-03






EX PARTE RAYMOND MITCHELL, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 92-415,873 IN THE 140
TH JUDICIAL DISTRICT COURT


FROM LUBBOCK COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of forgery and
sentenced to fifteen years' imprisonment. 

 Applicant contends that he is being denied credit for time spent released on parole prior to
revocation. The cause was remanded to the trial court for findings regarding this claim on November
9, 2005. On March 28, 2007, this Court received the trial court's supplemental finding of fact and
conclusion of law, along with a recommendation that the writ be dismissed as moot, because
Applicant had been released to mandatory supervision. However, if Applicant is entitled to the street
time credit he seeks, his period of mandatory supervision will be significantly shortened, and his
sentence will be discharged much sooner than it would be if he is not entitled to the street time
credit. Therefore, the trial court's supplemental finding is not sufficient to address Applicant's
claim. 

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Spann, 132
S.W.3d 390 (Tex. Crim. App. 2004). In these circumstances, additional facts are needed. As we
held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact.

 The trial court shall order the Texas Board of Pardons and Paroles and /or the Texas
Department of Criminal Justice, Correctional Institutions Division, to file an affidavit listing
Applicant's sentence begin date, and, the dates of issuance of any parole-revocation warrants leading
to the revocation of such parole or mandatory supervision. The affidavit shall state whether
Applicant is serving a sentence for, or has previously been convicted of, an offense which was listed
in Tex. Gov't. Code § 508.149(a) at the time of Applicant's revocation. The affidavit shall also
address how much time was remaining on this sentence on the date that Applicant was released on
parole, and how much time Applicant spent on release before the issuance of the parole-revocation
warrant. The affidavit shall state whether or not Applicant is receiving credit for any of the time
spent on parole. Finally, the affidavit shall indicate whether or not Applicant has submitted his claim
to the time credit resolution system of TDCJ, and if so, the date when the claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. If the trial court elects
to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. C ode Crim. Proc. Art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't. Code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant is eligible to earn street time credit, and if
so, whether he is entitled to credit for his time spent on release. The trial court shall also make
findings as to whether Applicant is receiving the proper amount of time credit for that time. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 30 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 60 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: April 25, 2007

Do not publish